**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO**

<table>
<tr><td>

JORGE EMILIO GUTIERREZ-ORTIZ,

**Plaintiff,**

v.

KATHERYN HUDSON,

**Defendant.**

</td><td>

CIVIL NO. 24-1138 (RAM)

</td></tr>
</table>

<u>MEMORANDUM AND ORDER</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

On March 21, 2024, Plaintiff Jorge Emilio Gutierrez-Ortiz ("Plaintiff") filed a *pro se Complaint*. (Docket No. 2). In the *Complaint*, Plaintiff alleges that Katheryn Hudson ("Defendant"), also known by her stage name Katy Perry, makes multiple references to Plaintiff's personal life in the music she creates, violating his private life and civil rights for Defendant's own personal gain and profit. (Docket No. 2 at 1). Plaintiff claims assault, libel, and slander, and seeks $1,000,000 in compensation for "emotional and physical damage caused by the exposition of the Plaintiff's personal experiences in the music that the singer produced." <u>Id.</u>

Throughout these proceedings, the Court has appointed Plaintiff with **two** different pro-bono counsel, both of whom have withdrawn. (Docket Nos. 11 and 16).

On August 9, 2024, the Court issued the following order:

> By **October 8, 2024,** Plaintiff shall show cause
> why the Complaint should not be dismissed
> under Fed. R. Civ. P. 12(b)(6) for failure to
> state a claim upon which relief can be
> granted. Failure to comply with this Order
> shall result in the dismissal of the Complaint
> **with prejudice**.

(Docket No. 17). Plaintiff failed to comply with the Order or file any response with the Court.

28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to dismiss a claim in forma pauperis on the grounds of it: being either frivolous or malicious; failing to state a claim on which relief may be granted; or seeking monetary relief against a defendant who is immune from such relief. A complaint is frivolous if "**lacks an arguable basis either in law or in fact**, one that contains either inarguable legal conclusions or fanciful factual allegations." Street v. Fair, 918 F.2d 269, 272-73 (1st Cir. 1990) (citations omitted) (emphasis added). Also, "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Additionally, District Court judges, in an exercise of the inherent authority to regulate their dockets, may rely upon Fed.

R. Civ. P. 41 (b) when considering whether to involuntarily dismiss a case *sua sponte*.    See García-Perez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010); Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 43 (1st Cir. 2007). The First Circuit has held that "a party's disregard of a court order is a paradigmatic example of extreme misconduct" which may warrant dismissal. Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). When a "court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case [.]" Id.

Upon reviewing Plaintiff's allegations, the Court is compelled to dismiss Plaintiff's *Complaint* for being frivolous and for failing to state a claim for which relief can be granted. While Plaintiff contends the lyrics of Defendant's songs are based on his personal life, the Court finds this contention to be meritless. The songs' lyrics are stereotypical pop song twaddle and devoid of any reference that would identify Plaintiff as their subject. Furthermore, the Court has independent grounds to dismiss the current action in light of Plaintiff's failure to adequately comply with the Order at Docket No. 17. Thus, Plaintiff's *Complaint* at Docket No. 2 is hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 25th day of October 2024.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge